Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>BE MINE, INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Klauber Brothers, Inc., ("Klauber" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Klauber is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Be Mine, Inc. ("Be Mine") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1016 S. Towne Ave. #119, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10 (collectively, "DOE Defendants") (altogether with Be Mine, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

///

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT DESIGN

8. Plaintiff owns an original two-dimensional artwork that is used for lace production, entitled internal design number 845, and registered with the U.S. Copyright Office (the "Subject Design.")

9. Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing the Subject Design to numerous parties in the fashion and apparel industries.

10. Following Plaintiff's display and distribution of the Subject Design, Defendants, and each of them, created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used lace and/or fabric featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Plaintiff (the "Infringing Product"). Representative examples of the Subject Design and Infringing Product are below:

///

///

///

| SUBJECT DESIGN | INFRINGING PRODUCT |
|---|---|
| Klauber Design 845 | Faith Lace Trim Racerback Tank - Smoke Rose |
|  |  |

11. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the design on the Infringing Product are substantially similar to the design at issue.

12. Plaintiff discovered the Infringing Product in late 2022 and had no reason to know of it prior to that time.

13. In May 2023, Plaintiff sent correspondence to Be Mine in an attempt to resolve this dispute without litigation. Be Mine failed to meaningfully respond, necessitating this action.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

14. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

15. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) Plaintiff's showroom and/or design library; (b) illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) Plaintiff's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed lace bearing the Subject Design.

16. Upon information and belief, one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Infringing Product, to said Defendant retailers; and that said Defendant retailers used the Infringing Product as alleged above.

17. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

18. Due to Defendants' acts of infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

19.   Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Design, such that said acts of copyright infringement were, and continue to be, willful.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design, including the Infringing Product;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 12, 2023     By:   */s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff